Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Hodges; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Blatt, Hasenmiller, Leibsker & Moore, LLC; | |
| Defendant. | (Jury Trial Demanded) |

## I.  Preliminary Statement

1.     Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2.     Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III.  PARTIES

3.    Plaintiff resides in Maricopa County, Arizona.

4.    Plaintiff is a natural person allegedly obligated to pay a debt which was incurred primarily for personal, family, or household purposes.

5.    Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

6.    Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") is an Illinois limited liability company registered to conduct business within the State of Arizona.

7.    BHLM is a law firm whose primary business is to collect or attempt to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.

8.    At all times relevant herein, BHLM is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV.  Factual Allegations

9.    Sometime before 2009, Plaintiff opened a credit card account with Citibank South Dakota, N.A.

10.    The Citibank account was used to pay for goods and/or services used primarily for personal, family, or household purposes.

11.    Plaintiff later defaulted on the Citibank account.

12.    On October 21, 2009, Citibank filed suit in the Dreamy Draw Justice Court in Maricopa County, Arizona.

13.    On January 15, 2010, Citibank obtained a judgment against Plaintiff in the justice court case for $6,338.66 principal, $122.00 for court costs,

and $559.50 for attorney's fees, for a total of $7,020.16.

14. On July 1, 2014, Citibank transcribed the judgment to the Maricopa County Superior Court.

15. Within 90 days of January 15, 2015, Citibank took no action to renew the judgment, and therefore, under Arizona law, it expired five years after its initial entry.

16. On October 20, 2015, the law firm representing Citibank in the Justice Court and Superior Court actions sent Plaintiff a Notice of Change of Counsel and filed the original with the Superior Court.

17. The Notice stated that Citibank was now represented by BHLM.

18. On or about October 22, 2015, Plaintiff began receiving telephone calls from BHLM concerning the Citibank debt.

19. On October 22, 2015, Plaintiff returned a call to BHLM and spoke with Tuella, a collector.

20. During this call, Tuella told Plaintiff that he owed $10,326.10 on a Citibank.

21. During this call, Plaintiff told Tuella that he had received no communication from BHLM.

22. Tuella told Plaintiff that the letter was sent days ago.

23. Plaintiff then asked Tuella to send him a copy of the letter since he had not received anything from BHLM. Tuella agreed to do so.

24. Between October 27, 2015 and November 6, 2015, BHLM called Plaintiff five more times.

25. On November 10, 2015, Plaintiff sent a letter to BHLM stating that he had requested and never received a letter from BHLM, and asked that

one be sent to he can "dispute this debt as I don't believe it is valid."

26. BHLM received Plaintiff's letter on November 12, 2015.

27. Despite receiving Plaintiff's letter requesting a letter be sent, and also disputing the debt in writing, BHLM continued its campaign of phone calls.

28. On November 12, 2015, BHLM called, but Plaintiff did not answer as he was waiting for the letter.

29. On November 16, 2015, BHLM called again and this time Plaintiff answered the call, but BHLM eventually hung up.

30. On November 17, 2015, BHLM called Plaintiff again, put him on hold, but then hung up.

31. On November 18, 2015, BHLM called and Plaintiff answered, but then hung up.

32. On November 19, 2015, BHLM called Plaintiff again, put him on hold, then hung up.

33. On November 23, 2015, BHLM called again and Plaintiff answered.

34. During this call Plaintiff spoke with collector Shawna Culpepper.

35. Ms. Culpepper told Plaintiff that she was calling regarding a Citibank Sears debt on which he owed $10,326.10.

36. Plaintiff told her that he had spoken to Tuella in October and was told that BHLM would be sending him a letter, which he never received.

37. Plaintiff also told Ms. Culpepper that he had sent a letter to BHLM requesting the letter, but still had not received anything.

38. Ms. Culpepper told Plaintiff that she would request that another letter would be sent "right now" to Plaintiff.

1   39.   Plaintiff never received a letter directly from BHLM.

2   40.   On February 18, 2016, BHLM sent two letters addressed to Plaintiff's

3         counsel concerning the Citibank debt. (Copies of these letters are

4         attached hereto as Exhibits A and B).

5   41.   Both letters state that the current balance owed is $10,326.10.

6   42.   Neither letter informs Plaintiff that the debt is time-barred and that the

7         judgment has expired, and that BHLM cannot enforce payment of the

8         alleged debt.

9   43.   At the time Defendant contacted Plaintiff, it knew or had reason to

10        know that the alleged debt was stale and past the statute of limitations,

11        and that the judgment had expired.

12  44.   As a result of Defendant's actions as outlined above, Plaintiff has

13        suffered actual damages including, but not limited to, anxiety, fear,

14        worry, invasion of privacy, and other emotional distress.

15  45.   Defendant's actions as outlined above were intentional, willful, and in

16        gross or reckless disregard of Plaintiff's rights, and part of Defendant's

17        persistent and routine practice of debt collection.

18  46.   In the alternative, Defendant's actions were negligent.

19              **V.  CAUSES OF ACTION**

20              **a.  FIRST CLAIM FOR RELIEF**

21              **(Violation of FDCPA)**

22  47.   Plaintiff incorporates by reference paragraphs 1 though 46.

23  48.   Defendant's violations of the FDCPA include, but are not necessarily

24        limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10),

25        1692f, 1692f(1), and 1692g.

    49.   As a direct result and proximate cause of Defendant's actions in viola-

tion of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a)    Actual damages to be determined by the jury;

b)    Statutory damages to be determined by the jury;

c)    Attorney's fees;

d)    Costs and expenses incurred in this action; and

e)    Such other relief as may be just and proper.


DATED  _May 19, 2016_ .


                  s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

- 6 -